UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JINJA J.J. JOHNSON,

Plaintiff,

-against-

RIKERS ISLAND (R.M.S.C.), *et al.*,

Defendants.

20-CV-10361 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, currently incarcerated at the Rose M. Singer Center (RMSC) on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that defendant correction officers violated her rights. By order dated February 2, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The events giving rise to Plaintiff's claims occurred during a two-week period, from October 14, 2020, to October 27, 2020, when Plaintiff was a convicted prisoner at the RMSC on Rikers Island.

The following facts are taken from the complaint, verbatim:

This officer only wrote me up, after I was irate to other inmates antagonizing me for 2 weeks. None of these inmate[s] received any type of discipline for their actions before and after. Paper trial will show after 3 of these female[s] ran up on me while I was using the toilet, to fight, I ask to be removed, felt my life was being threatened, a week before this officer gave me an infraction. I even made numbers '311' calls to try to report this unfair officer. Most of all charges are 'B.S.' I didn't disrespect in fact this is the only officer I've even disrespected. I didn't disrespect her until she became disrespectful with statements like 'now she want protection.' Her response when I asked her not to let others in while I showered because of the incident a few days earlier when the 3 inmates approached me in the bathroom to fight.

(ECF 1, at 4.) Plaintiff alleges that Defendant Captain Eddy "falsified a report stating I refused infraction or to sign, when this option was never given to me." (*Id.* at 5.)

Attached to the complaint are documents showing that Plaintiff was found guilty of five charges and sentenced to punitive segregated housing. (*See id.* at 7-15.) Plaintiff appealed the guilty verdict and filed a petition under Article 78, *see* N.Y. C.P.L.R. § 7801, in Bronx County Supreme Court. In that proceeding, she submitted a statement in which she alleged that she "did get disrespectful after the officer threatened to pepper spray [her]," but she believed the officer "targeted" her because she is gay. (*Id.* at 10.) Plaintiff also alleged that she had not been notified of the infraction until November 2, 2020, until a hearing on the infraction was held. (*Id.*)

Plaintiff asserts that as a result of these events, she suffered "emotional distress [and] defamation of character," as well as the "risk of harm from inmate with Officer Ramos 'turning her cheek,' hate crime because of sexuality (homophobia)." (*Id.*) She seeks money damages.

## DISCUSSION

### A.   RMSC and Department of Correction (DOC)

Plaintiff's claims against the RMSC and the DOC must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought

in the name of the city of New York and not in that of any agency, except where otherwise

provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also*

*Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is

generally prohibited from suing a municipal agency.").

**B.     Excessive Force**

Because Plaintiff was a convicted prisoner at the time of the events described in her

complaint, her claims arise under the Eighth Amendment to the United States Constitution. *See*

*Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015).

The Court construes the complaint as asserting an excessive force claim, that is, that one

of the defendants violated Plaintiff's rights under the Eighth Amendment by using pepper spray.

The Eighth Amendment prohibits the imposition of "cruel and unusual punishments," U.S.

Const. Amend. VIII, and bars the "unnecessary and wanton infliction of pain," *Phelps v.

Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002) (internal quotation marks and citation omitted).

To establish a constitutional claim of excessive force, a plaintiff must allege facts that

satisfy two elements. *See Hudson v. McMillian*, 503 U.S. 1, 8-10 (1992). First, a plaintiff must

allege that the use of force was "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S.

825, 834 (1994) (internal quotation marks and citations omitted). Thus, "[n]ot every push or

shove . . . violates a prisoner's constitutional right." *Boddie v. Schneider*, 105 F.3d 857, 862 (2d

Cir. 1997) (internal quotation marks and citation omitted). Generally, the force used must be a

"deliberate use of force" that is both "excessive and unjustified." *Whitley v. Albers*, 475 U.S. 312,

327 (1986). Second, a plaintiff must plead facts suggesting that the officer who used force acted

"maliciously and sadistically" to cause the "unnecessary and wanton infliction of pain." *Hudson*,

503 U.S. at 7-8. Generally, "the test for wantonness 'is whether the force was used in a good-

faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'"

*Harris v. Miller*, 818 F.3d 49, 63 (2d Cir. 2016) (quoting *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003)).

Here, because Plaintiff does not allege enough facts to suggest that either element is satisfied, she does not state an excessive force claim under the Eighth Amendment. As to the first element, it is unclear whether Plaintiff suffered any injury as a result of the pepper spraying, or if she was ever sprayed. As to the second element, it is unclear what occurred before the spraying that led the officer to resort to this use of force.

Because the pleading must include a short and plain statement showing that the pleader is entitled to relief, *see* Fed. R. Civ. P. 8(a), and the complaint does not include such a statement, the Court grants Plaintiff leave to file an amended complaint to allege any facts suggesting that a defendant used excessive force against her when the officer used pepper spray. If Plaintiff asserts an excessive force claim, she must state which defendant used force against her and under what circumstances.

**C.     Failure to Protect**

The Court also construes Plaintiff's complaint as asserting a failure to protect claim under the Eighth Amendment, that is, that one of the defendants failed to protect her from another prisoner's assault.

To state a failure to protect claim, a prisoner must satisfy two elements: (1) a prisoner faced a sufficiently serious risk of harm, and (2) an officer deliberately failed to protect the prisoner from that harm. *Farmer*, 511 U.S. at 828 (citations omitted). Generally, "an inmate's claim that prison officials failed, as a result of their deliberate indifference, to protect him from the violent actions of other inmates may state a viable § 1983 cause of action." *Hendricks v. Coughlin*, 942 F.2d 109, 113 (2d Cir. 1991); *see also Randle v. Alexander*, 960 F. Supp. 2d 457, 471 (S.D.N.Y. 2013) ("At bottom, prison officials may not abuse prisoners directly, nor may they

indirectly subject prisoners to harm by facilitating abuse at the hands of prisoners' fellow inmates.").

Here, the complaint does not include sufficient facts to state a claim suggesting that any of the defendants failed to protect her from another prisoner's attack. While the documents attached to the complaint provide some context for the events giving rise to Plaintiff's claims, the complaint's statement of facts does not. For example, Plaintiff does not allege what occurred when the three female prisoners approached her, whether they assaulted her, and which officers allowed the other prisoners to approach her. Related to this third point, Plaintiff does not state facts regarding each correction officers' role and how each defendant violated her rights. The Court therefore grants Plaintiff leave to file an amended complaint to allege any facts suggesting that one of the defendants failed to protect her from the other prisoners' attack.

## LEAVE TO AMEND

Plaintiff is granted leave to amend her complaint to detail her excessive force and failure to protect claims. In the statement of claim, Plaintiff must provide a **short and plain statement** of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

    f)   state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-10361 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court dismisses all claims brought against the RMSC and the DOC for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

Dated:    February 25, 2021
           New York, New York

                                           _Louis L. Stanton_
                                            Louis L. Stanton
                                              U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED
COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                Middle Initial            Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                          State                   Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 2:

First Name                    Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 3:

First Name                    Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 4:

First Name                    Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were
harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach
additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | | Plaintiff's Signature |
|---|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Prison Address

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____